The Honorable, the Judges of the United States Court of Appeals for the Fourth, sir. Oh, yay, oh, yay, oh, yay. May all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention. The court is now sitting. God save the United States and this Honorable Court. Good morning. Please be seated. We're happy to hear argument in our first case, United States v. Price. Ms. Albright. Good morning. May it please the Court. I'm Kimberly Albright here on behalf of the appellant, Mr. Price, and I'm going to address both issues that were in the briefing. First of all, why the categorical approach should have been applied to determine whether the conviction for assault and battery of a high and aggravated nature, which I'll refer to as ab hand, is a sex offense within the meaning of SORNA requiring registration. And then why this case should be remanded so that the correct supervised release guideline range can be calculated and applied in this case. And I think the first issue, the most important thing, is to talk about what was decided at the district court. And I think it's clear from the record that both sides focused on 42 U.S.C. 169115A1, which is the definition of sex offense that focuses on whether a criminal offense has an element involving sexual act or sexual contact with another. In the motion to dismiss, Mr. Price argued that he argued both prongs, both this specified offense against a minor, which was raised by amicus counsel, and the prong involving the element involving a sexual act or sexual contact. However, government responded in opposition to the motion to dismiss, and that's found in the joint appendix at pages 36 through 40. The government clearly focused on whether ab hand had an element with sexual contact or a sexual act. And what they focused on is one element of ab hand is circumstances of aggravation. And it has been determined in both the Hemingway and the Montez Flores cases that the circumstances of aggravation is the element of the ab hand offense. And South Carolina state law has significant means by which that element can be met, one of which is indecent liberties against a child, which is what the government focused on. But it's clear that that's not an element of the offense of ab hand. Then at the hearing on the motion to dismiss, the government continued with that argument, and its focus was clearly on this 5A1 of section 16911 and not on the specified offense against a minor. Are you arguing or intend to argue that the government should stop from asserting possibly the correct legal position here, like the one that amicus argued? Well, I'm going to argue the specified offense against a minor as well because it is a legal issue. And I think that you have the discretion to decide that issue if you want. But I did want to point out that the focus initially and what the district court decided, especially in light of what amicus raised in his brief, that it was, I believe, the issue before the court was focused on. The judge did throw in, he talked about the non-categorical approach and said it applied in the last paragraph of his opinion. That's correct. And I think, and my belief is the reason he referenced a specified offense against a minor is because the case he quoted Dodge involved that specific provision. I don't think he necessarily analyzed the case under a specified offense against a minor because all the arguments involved whether there was an element, a sexual act, or contact against another. But I will address the specified offense against a minor and why I don't think that qualifies. You don't think – the arguments can't be waived. Is there any way for us to uphold the district court opinion to do that? Correct, correct. No. And indeed, it seemed to us in the government's papers here that the government wasn't arguing that. So that's why we appointed amicus, right? Right. As the basis for defending, was it just what we saw, was it what the district court did say, is referenced in the non-categorical case? Right, but I think that the reference to the non-categorical approach that he made, that the district court made, was in reference to what was argued below, which was the first prong, which contained the element sexual act or sexual contact against another. My reading of the court's order and Mr. Price's belief has always been that he thought that the court thought the non-categorical approach could apply to that prong as well, based on these other cases, the Byun case and the Dodd case. Mr. Price, in his response to the motion to dismiss, also agreed that what was at issue was 169115A1. So that was the focus on that. However, as I said, under the specified offense against a minor, which is what Mr. Price focused on in the supplemental briefing, we went ahead and addressed that in anticipation that the supplemental briefs by the government and amicus council may address the specified offense against a minor. And specifically, they focused on 169117I, specified offense against a minor, which is defined as any conduct by its nature is a sex offense against a minor. And on its face, it does seem that it is a broad definition that could encompass many things and wouldn't require the categorical approach. However, as I pointed out in the supplemental brief, there are the SMART guidelines, which were promulgated by the Attorney General. The statute, the SORNA statute in Chapter 42, allowed the Attorney General to explain what these different provisions of specified offense against a minor mean. And early this year, in United States v. Bridges, which is 741F3D464, the circuit has said that the SMART guidelines can and do have the force and effect of law. And I think that because they do, and because there was a procedure in place where Congress could have objected to those SMART guidelines in the, I think they were promulgated in 2008. So in the years since, Congress could have amended the SORNA definitions if they disagreed with these SMART guidelines, but they haven't, that the SMART guidelines do have the effect of law. And the definition explaining 169117I requires a conviction, which as all the briefs pointed out, the Taylor case, the U.S. Supreme Court of Taylor, focuses on conviction. And when the word conviction is used, it is determined that Congress meant for the categorical approach to apply. But in addition to requiring a conviction, it defines 7I as requiring as an element that the offense that would be used as a sex offense to require SORNA registration has as an element that the, an element is that the victim is a minor. And certainly, ABPAN does not meet that definition. And I think, given the two words, element and conviction, found in the SMART guidelines to define 7I, that the categorical approach had to be used to determine whether ABPAN was a qualifying conviction to be a sex offense under SORNA. The, there are other, I mean, I don't, it wasn't specifically addressed by anyone, but I did point out in the supplemental brief and all of the SMART guidelines definitions of their nine categories of specified offense against a minor found in 169117. And almost all of them refer to conviction or conviction and element, and those are the trigger words that would require the categorical approach to be used to determine whether something is a sex offense requiring registration under SORNA. And I think that in the amicus brief, the focus was on the lack of the word element or conviction in the actual statute, 42 U.S.C. 169117I, but in fact, if you go further and look at the SMART guidelines, I think it's clear that the categorical approach would be required. The second issue that we raised relates to the supervised release guideline range. Yeah, there is a new First Circuit case out that you know about. The government, actually. Mr. Pearson told me about it. I think you've got a winner there. Okay. Well, I won't address that. I had my argument about plain error, and I will rely on that case that Mr. Pearson kindly told me about this year. The plain error case, too. Right. Yes, Your Honor. So, unless you have any further questions. Why don't we hear from the other side, and then you'll have some time for questions. Okay. Thank you very much. May it please the Court? Mr. Pearson, before you get started, do you need to tell us about the government's fluctuating position in this case? Yes, Your Honor. I think the easiest way to do that would just be to apologize to the court and say that I was wrong. Certainly, I am – I'm not too proud to admit that. Well, it doesn't necessarily – this isn't – I assume the U.S. attorney – I regard you as the U.S. attorney's office standing there with all of your friends. Yes, ma'am. And colleagues, so it's not you personally. But it does seem that you took a different approach both before the district court and in your initial briefing. Yes, ma'am. And are these views filtered through main justice? Is that how we came to a different view? Yes, ma'am. And again, taking responsibility for it, my name being on this particular appeal, the Department of Justice is a bit monolithic. And when there is a very specific argument for a very specific statute, while there is guidance available, there has to be the correct person found at the Department of Justice in order to answer that particular question. While I did inquire at the beginning of this process, I did not find that correct person until after the filing of the brief. The amicus brief? Yes, ma'am. Yes, ma'am. Okay. So the amicus brief comes in and you say, whoa, maybe this is right, maybe it's wrong, what is the Department of Justice say? Yes, ma'am. Okay. But the position you want to take now is consistent with the one that was taken in the 9th Circuit and the 11th Circuit? Yes, sir. In the Dodge case and whatever that other one's called. Yes, sir. Nijuan. Nijuan, yeah, but that was six years ago, four years ago. So the government was on to it, somebody was, and was asserting that position in those other circuits and indeed got the Infant Court down in the 11th Circuit to buy into it in the Dodge case. Yes, sir. In 2010. That's the position you espouse now. Yes, sir. The Dodge case is right. Dodge is correct. And, Your Honor, this particular case, I'd like to point out that I think what the amicus brief has correctly pointed out, and opposite counsel has gotten into this too, that the government has spent too much time and effort focusing solely on Section 5A2 of the statute as opposed to doing an analysis of 7I. There's so many, it's almost like the IRS code trying to read that stuff. Yes, sir. It is very convoluted. You're talking about 169117I? 7I. I. 7I. Capital I. Capital I. Capital I. The 5A2 provision. And there's an or in it. Yes, ma'am. Yes, sir. There is certainly an or in it as well. The statute is very complex. And what the government would say that to clarify our position is that even if Section 5A2 of SORNA requires categorical review, Section 5A2 and by its extension, the expansion of 7I would require a non-categorical review. The amicus did correctly note that we spent our time analyzing 5A1 without proper analysis of the expansion. And, Your Honor, I do believe the two are different. The title specifically expands SORNA's definition, the title of 7I, to include offenses for a specified offense against a minor. This expansion includes offenses that, quote, involve certain characteristics that requires consideration of a defendant's conduct rather than a simple check of a conviction. This would necessarily require inquiry into the underlying facts, as was the case in both Dodge and to an extent in Neewan as well. Section 7I specifically says the court should look to any conduct that by its nature is a sex offense against a minor. It would be impossible to do – to conduct any review of conduct, not a conviction, conduct that by its nature would be a sex offense against a minor using anything other than the non-categorical approach. And what – nobody ever defines a non-categorical approach. Just talk like we understand it all. That's a very broad concept, right? Yes, sir. Does the government – what does the government think that includes? Anything that the judge wants to look at? Yes, Your Honor. It would be the government's position that a non-categorical review would allow the judge to look into any underlying facts the judge deemed necessary in order to make the correct decision in terms of applying the SORNA guidelines. Does the Supreme Court talk about the non-categorical approach? In what context, Your Honor? The sentencing context we're talking about right now. Your Honor, I do not believe there is a – necessarily a case on point that specifically says the non-categorical approach includes all of these things. What we have – Have you, like, put in your computer non-categorical approach and come up with a Supreme Court case? Your Honor, I – No, Your Honor, I do not. I thought there was an immigration case that had it in it. There is an immigration case. There's an immigration case that's cited in somebody's brief. Maybe the amicus brief. I'm sorry? It uses – it refers to the non-categorical approach, but Judge Mott's question was whether it's been used in the sentencing context. The answer is no? No, Your Honor, I'm not aware of that. So you're wanting us to plow some new territory. Your Honor, the Eleventh Circuit did. Of course, they were freed to camps. And you got to camps and Hemingway and some others intervening here. So you have to say that they don't have anything to do with this. It seems a little odd because all the dialogue has been about the categorical approach or the modified categorical approach. And a very – and you can make a parallel between the cases that the Supreme Court identified and used the categorical approach for between those statutes and the statutes at issue here. And maybe you could try to distinguish statutes in those cases from the statutes here. The statute in the immigration or – No, not the immigration cases. Steve, there's a whole lot of Supreme Court cases I'm sure you're familiar with about whether you use the categorical approach or the non-categorical approach. Maybe you could distinguish this statute in this case from the statutes in one of those cases. Pick any one you want. Yes, ma'am. What is it about this statute that makes it so it's inappropriate for either the categorical or modified categorical? Well, Your Honor, it's inappropriate for the modified categorical approach in this particular context because, as the line of cases in the ACCA cases would tell you, this court has found that the South Carolina Abhand Statute is not divisible. Okay. Okay. So let's talk about the ACCA statute versus the federal statute that's at issue here. How do you think they differ? How does this opinion write, Justice Breyer, is what we're saying? How do I write this? Yes, Your Honor. The ACCA statutes clearly talk about certain elements that are required. I believe in the clauses that are attached to the ACCA, the residual clause and – sorry, Your Honor, I'm blanking on the other clause in the ACCA. But those were specific clauses to talk about sentencing enhancements. What we have here in SORNA is not a sentencing enhancement. The purpose of the two are certainly – between SORNA and the ACCA are different. SORNA is a protection statute. It is designed to notify and warn the community that there are certain individuals with certain convictions. The ACCA is far more concerned with determining the level of sentence given to an offender based on his underlying convictions. And I believe that those two – I believe that those two things certainly are different in such a way that SORNA has to be looked at separate and apart from the ACCA – those ACCA cases. Your Honor, I see that I have a very short period of time left. As Your Honor did point out that this court did have U.S. v. Collins yesterday that did indicate that the court will – I see that I'm out of time. You can finish. This court typically remands for sentencing clarification in a situation where there has been a sentencing clarification. The government would just point out that in this particular case, Judge Anderson actually did go into specific reasons as to why he gave a lifetime of supervised release for this particular defendant to gain the appreciation of his actions to deter the defendant from other violent behavior and also to protect the public. Your Honor, it would be the government's position that remand wouldn't be necessary and that this error in accepting the supervised release guidelines would not be something that the court should take into – should notice as the district judge did, in fact, give proper reasoning as to why he gave a lifetime. I thought you'd maybe confess error on that one and join in the rebuttal. Your Honor, I understand what the case says, and obviously the court does seem – has stated that it does typically remand, but by that term, typically remand, I was giving the – giving Your Honors a reason why it would not have to be remanded. All right. Thank you very much. Thank you. Thank you, Your Honor, and may it please the court. Every other court is those two? So thus far, yes. Is that two? Yes, Dodge and beyond. What is the non-categorical approach? So the non-categorical – Do you have a definition? I don't – nobody ever put a definition in here in any of these briefs I could find. Absolutely. So the – it's easiest to do it in contrast to the categorical approach. So the categorical approach says – Yeah, I know you've been contrasting or anything, but nobody ever gives a definition. Go ahead. So the non-categorical approach in this specific case, you would ask, was – what was the conduct involved in Price's prior conviction? Did he in fact engage in conduct that was by its nature a sex offense? Or – and that's in contrast to the categorical approach in which you would ask, is that type of conduct an element of his offense? So just in this case, if we require a categorical approach, it's clear that under South Carolina law, the Obon offense does not have as an element sexual contact. It's a violent injury by another in circumstances of aggravation. You can be convicted of that in all sorts of ways without committing a sex offense. But under the non-categorical approach, you would look at the reliable evidence in the record of conviction and any other evidence that's reliable and determine, you know, what was the actual – The district judge can look at anything he wants to look at? That's right, yeah. And just to – the blueprint from this comes from the Najawan case, which is the deportation case that you all are mentioning. And I believe that it does provide the blueprint for both the statutory analysis here and how it would work in practice. So currently, on the question of evidence, in that case, the Supreme Court said that you would typically be able to resolve whether the prior offense met the statutory definition by looking at the record of conviction. So in a case like this, frequently there will be a plea agreement where the defendant's admitting specific facts, or there will be a trial in which you'll be able to see what the government's theory of the case is and to determine whether the – the statutory must have understood that the defendant engaged in, you know, sexual conduct. And – Are there other statutes that you can think of in which the non-categorical approach is appropriate? Yeah, so actually there's a second decision from the Supreme Court as the United States behaves, which involved a – it's the felon in possession of a firearm statute. Congress expanded that to cover individuals who had been convicted of a misdemeanor domestic violence crime. What, you're talking about Hayes? Hayes. That came from this court. Yes, and I believe it was – there was a subsequent Supreme Court decision on the subject. Right. We granted relief on the thing, and then the Supreme Court turned it around. But you say that involves a non-categorical approach? It does. What they said there is that you could look – that the domestic relationship in that case didn't need to be an element of the offense. So, for example, the statute said you get a – it is a crime to possess a firearm. Misdemeanor crime of domestic violence. Right. And if there was a prior conviction for assault, you could be prosecuted if, in fact, you had assaulted your spouse. You did not need to be prosecuted under a statute. Right. Precisely, Your Honor. So, similarly here, this case is really about if there's a state out there that either prosecutes or allows a defendant to plead down from a – if he's charged with a sexual offense and maybe he pleads down to a generic child abuse statute or to an assault statute, the question here is whether Congress wanted judges, district judges and judges like yourselves, to look at the underlying record to determine is this person someone who poses a threat to children. And I think from the – kind of just the context, that question, I think that Congress would have wanted – Then the judge could go back and look at anything he wanted to look at. It wouldn't have to be in the record in the lower court. They could supplement it when it came to the district court. Is that what you're saying? I believe that there's nothing that I'm aware of that would prohibit that. I think kind of common sense – There are no restrictions on it. Right. And one of the – I would admit that there are not many non-categorical cases applying a non-categorical approach in a criminal context, but – It sort of is like the ocean is this way and this is this one little thing going the other way. I mean, the Supreme Court is wild for these cases. Right. Non-categorical. And I actually think this is a very important point because all of those cases, as Your Honor mentioned, are under the Armed Career Criminal Act. And that case is always – you're imposing a sentencing enhancement, a criminal penalty at sentencing. So if you step back, applying a non-categorical approach at sentencing under ACCA would violate the Sixth Amendment in every single case. Right. There is that difference. There's not the Sixth Amendment. Right. And so there is kind of this numerical disparity. But, again, the only case allowing – the primary case allowing a non-categorical – Well, there are other cases that are sentencing enhancement cases, to be sure. Oh, certainly. And the career offender guidelines and things. But, again, those are imposing a criminal penalty. And this case, like the deportation case, Najawan, are – you're imposing a civil remedy at sentencing. And what the court said there is there's no Sixth Amendment concern here because – But it's in the context of a criminal prosecution. Certainly. So – and the broader point here is just in general – So why isn't it a criminal proceeding? It is a criminal proceeding. You say it's a civil proceeding. Right. So this case involves a – so what I'm saying is that sex offense definition is primarily applied by courts at sentencing when they're just saying that someone needs to go into the civil registration system. And a court can find – They can go into the civil registration system as a consequence of a criminal prosecution. Correct. And so take this case, for example. In the state court, what I submit should have happened is he was charged with criminal sexual battery. He fled down. He fled down to an assault conviction. And by doing that, he avoided jail time. And when he goes to sentencing, we're not going to put back on another criminal penalty and put him in jail. We're putting – imposing a civil remedy, a monitoring requirement that he goes into the civil registration system. And in the deportation case, the Najawan case, the court pointed out that that does not raise Sixth Amendment concerns. If you're – when you find yourselves here in a later prosecution, that would certainly implicate the Sixth Amendment, and he would have a right – a defendant in this kind of case would have the ability to have his status as a sex offender determined by a jury beyond a reasonable doubt. All these other cases are based on the Sixth Amendment. That's what you're saying. That's the distinction here. I think it's a very important distinction. Those cases are based both on the text of the statute and the Sixth Amendment concerns. I'm sure – I'm not – I didn't understand the end of your sentence. When he comes back, what would he be entitled to at a jury trial in this case, under this statute? So he would be – if he asserted his Sixth Amendment right to a jury trial instead of pleading to the offense, he would be – He was originally pleading to the offense? I don't understand where we are. Oh, sorry. So – In which court? In the federal court. So if a – if I could, I would just start with the Najawan case. So there they said when you're going to impose a deportation remedy in an immigration court, it doesn't raise Sixth Amendment concerns. But the defendant there had pointed out that if you're removed because you committed an aggravated felony and you re-enter, you can be subject to prosecution for illegal re-entry and you can have a – your sentence can be enhanced because you had previously committed an aggravated felony. And what the court said is if you later get prosecuted for that, the government will bear the burden of proving beyond a reasonable doubt that you actually engaged in this aggravated felony. So here – Can you translate it to your sentence? So here, a – generally, if you're prosecuted for failure to register, one of the elements of that offense is that you were required to register under SORNA. And so in this case, Mr. Price could have required the government to prove beyond a reasonable doubt that he actually forced his stepdaughter to commit these sexual acts. And you could rely on the record of conviction to do that, but that is – and I'm sorry for overcomplicating this, but that's just the way the Sixth Amendment rights are protected in this – in a later criminal prosecution. So in this particular – in this prosecution that is in front of us now, he could have required a jury to decide that he had committed the earlier offense? Is that what you're saying? Yes. Well, because that is essentially what the non-categorical approach means. It means that you would need to show – to prove that he's a sex offender, you would need to show that as part of his state crime, he actually engaged in sexual conduct. He could have had a jury trial on that point. He could have. That would have been a factual element. Right. There would be a factual dispute about that. And the reason that he didn't clearly here, and the district judge said he used the non-categorical approach, he didn't ask for a jury trial, is that it? Correct, because he pleaded guilty. And just to make it – try to get it out there, on the text of this statute, I think the clearest way to look at why Subsection 7I requires a non-categorical approach is to contrast it with Section 5A1. So Section 5A1, which, by the way, applies if the victim is an adult, says it's a sex offense if it has as an element a sexual act or conduct. Then you look at Section 7I. It doesn't say element. It says did it involve conduct that by its nature is a sex offense. And practically, if you read 7I to require a categorical approach, and if that's what Congress wanted, they could have stopped at 5A1 because it would mean the exact same thing. It's all redundant. Yes. What do we do about the SMART guidelines? So certainly, on behalf of the district court, I would submit that at this point, those are long-since waived. That's kind of a first answer. The district court obviously was not raised there. These have been on the books since 2008. And the first time we heard about them was in a supplemental brief. Well, let's go to your second argument. So actually, looking at the brief, it's a fairly complex question, if you ask me. So first of all, nowhere in the guidelines does it actually say use a categorical or non-categorical approach. And the DOJ certainly is aware that those are the terms courts use. Second of all, this would raise kind of a tricky question of administrative law. DOJ guidelines, if you think they call for a categorical approach, the government for the past six years has been arguing exactly the opposite in winning and in courts around the country. So that would raise questions of did they receive our deference for that? And kind of more particularly, if you look at 7i, and counsel pointed out, it does say that age has to be an element of the offense. It doesn't actually say that conduct that by its nature is a sex offense has to be an element, which would be kind of if they were really thinking through the categorical and non-categorical issue, that's what they would have said. And I'd also submit that if you read those guidelines in full and you look through how they use the word element in the definition of subsection 7, it approaches the point of arbitrariness. So at 7h, they say age does not need to be an element of the offense. Then they get to 7i, it says age has to be an element of the offense. It's kind of scattershot. I don't see any textual basis for that. So just so I understand your argument, your argument is that around the country, the United States Department of Justice has been urging a position that is inconsistent with the SMART guidelines. It certainly has. Well, first I would urge that the guidelines don't necessarily say that. And if you think they did, it would raise this complicated question of why. And we know particularly in this case they are because they've changed their views to come to that view, regardless of the SMART guidelines. That's correct. And again, there's the Beyond case and Dodge case. I would also point out that just a few months ago, the Fifth Circuit held in a case called United States v. Gonzalez Medina, that again, it's a slightly different section of the statute, but relying on analysis very similar to Dodge and Beyond held that a non-categorical approach applies under Section 5C of the statute. So this is kind of a growing consensus out there. The Department of Justice clearly is continuing to argue it around the country. Was that case posed to Kamps? Yes, sir, it was. And I believe, so Kamps, again, is in the Armed Career Criminal Act. I would distinguish that both on the text for the reasons in my brief and particularly for the Sixth Amendment issue, which when you're imposing that, it's going to violate, go beyond the elements of the offense. Thank you very much. We appreciate your argument. Thank you. Thank you. I just want to address some of the issues raised by the government and amicus counsel. First of all, I would say that the Nituon case, one of the main analysis of that is the fact that the particular provision in the immigration statute at issue there was determined to be subject to this non-categorical approach. But that entire case recognized what would be applicable to the SORNA definitions, that sometimes a statute is written in such a way, and we're supposed to take the effect of the words Congress uses, but it's written in such a way that some of the provisions might be subject to this non-categorical approach and some might be subject to the categorical approach. And that's why, in reference to the SMART guidelines, we looked to see whether the word conviction was used, whether the word element was used. And there are certainly a couple of provisions defined by the SMART guidelines referencing these specified offenses against a minor, which maybe would be subject to the non-categorical approach. However, the particular one at issue here, 7i, clearly refers to both convictions and elements, which is what makes it subject to the categorical approach. As far as amicus counsel's reference to the SMART guidelines really not being applicable or the government arguing opposite to what the SMART guidelines say, I would just reference, again, the Bridges case from this court, which clearly says that the SMART guidelines have the effect of law. So I would also want to address this issue of the Sixth Amendment and whether or not how serious it is. The reason I cited two, they're district court cases. They're not circuit cases like Dodge and Byun from the Ninth Circuit. But the Quan Tu and Johnson cases that I cited, the district court cases, they reference, and I think it's even more important because this isn't a matter of a sentencing enhancement, which has historically been given a little lesser standard, not quite as much proof as needed when you come to sentencing. And when you're looking at a PSR and deciding whether there's a sentencing enhancement, this is directly related to an element of the offense, which must be proved beyond a reasonable doubt. So as Quan Tu and Johnson pointed out, in the context of a new criminal conviction, it's even more important that the effect that Congress intended, whether you can have these mini-trials or look at all these facts underlying a prior conviction where you don't have all the safeguards in place. How did this help you, since your man pled? Because the element is still, I mean, he still has to be, even though he pled, he did reserve the right. He filed a motion to dismiss up front, challenging whether his conviction was a prior conviction for the, within the meaning of SORNA, and he reserved the right to appeal that issue. Because if he had prevailed on the motion to dismiss, he never would have fled. Right, but he's, don't you think, by pleading guilty, he's forfeited the question of if this is, if this conduct is, meets the statutory definition, that the government has to prove it beyond reasonable doubt. I mean, he's forfeited that argument. But the point is, is that the categorical approach should be, I mean, based on what he did preserve for appeal and the issue of whether his conviction is a sex offense, which is a element of a SORNA conviction, I think he preserved that enough to make the argument whether or not he should be even required to register based on this ADPAN conviction. I also, and I think it was Judge King that kept asking what the definition of non-categorical approach is, and sometimes Nijewan refers to it as circumstance-specific, and it means whether you look at these particular circumstances in which an offender committed a crime. That's the best definition I could find, and that was from Nijewan. I would point out, as far as the SMART guidelines, I don't believe those were waived. I think that, as I started out my argument initially, I think the whole argument below was based on the first prong of the definition of sex offense, which was the element being having sexual conduct or a sex offense as an element of the crime. There would be no reason for us to have gone into any argument about the SMART guidelines and how they refer to the specified offense against a minor because that wasn't something that was raised below. And given that we filed all our supplemental briefs simultaneously, I certainly think Mr. Price should have the opportunity to address amicus counsel's argument, now the government's argument, since they have adopted amicus counsel's argument. And unless there are any further questions. By the notice that you were asked for supplemental briefs, you knew what the issue was. Correct. And we did, well, and I did address this. We weren't trying to hide it. No, no, no, no. Well, we did address the SMART guidelines in our supplemental brief, and I was trying to be comprehensive and cover anything that might be brought up, which would include the specified offense against a minor. Nobody really addressed this question about the conditional plea in the briefs. You plead guilty. Correct. And reserve the right to appeal the legal issue, right? Correct. But you didn't reserve the right to appeal any factual issue. You admitted the facts. I mean, you don't even talk about the ordinary plea agreement, but there was a plea agreement. You signed a good agreement that you could appeal. Otherwise, without a plea agreement, you couldn't have appealed. But I'm not too sure about the plea. Guilty may have messed you up. Well, I guess your argument is you plead guilty with understanding of what, your understanding of what the statute said for under the categorical. And I don't think there was a plea agreement in this case. Well, there was a plea agreement. It might not have been written, but you all, you and the defendant and the United States attorney signed an agreement that you could appeal conditionally under Rule 11A2. You have an agreement in the record that you can appeal, that you have a right to appeal. Otherwise, you couldn't appeal. If there was no plea agreement, you cannot have any jurisdiction here. You couldn't be here, I don't think. You plead guilty. Well, I don't think it's, and I don't think there's a factual issue before the court. I think it's purely legal. One of the lawyers, the Minkus lawyer, argued that if he had had a trial, it would be an element, a factual question that would have to be proven by the government beyond a reasonable doubt. And when I asked you about that, you said, well, I could reserve that argument. I don't think we should buy the theory that is being offered by the other side, the non-categorical approach. I don't think you should reserve the right to a jury trial on the underlying fact. That's what I think that would be. And if you have a contrary argument, we'd like to hear it because it doesn't seem like you could have done that. That we could now, on this appeal, get a jury trial?  On this appeal, we should conclude that the interpretation that you made about the statute, that it required a categorical approach or a modified categorical approach, was wrong. And that the district court could use a non-categorical approach. Do you believe that you still have a right to a jury trial on the factual questions underlying the non-categorical approach? For the SORNA conviction? I don't believe that's our position. Our position is that it's purely legal, that he never could have been convicted of SORNA because the conviction itself doesn't meet the definition of sex offense, which is a required element of SORNA. We would not expect to relocate factual issues. Thank you very much. Thank you. We will come down and brief the counsel and then go to our next case. But first, I want to thank Mr. Garcia for his efforts. He did a fine job. The district court, I know, would be proud. Thank you very much.
judges: Diana Gribbon Motz, Robert B. King, Arenda L. Wright Allen